

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,449-01

**EX PARTE ADAM JOSEPH NUNEZ, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 11-03-00029-CRK-A IN THE 81ST DISTRICT COURT
## FROM KARNES COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated sexual assault of a child in exchange for ten years' deferred adjudication community supervision. His community supervision was later revoked, and he was sentenced to seventy years' imprisonment after adjudication. He did not appeal his conviction.

Applicant contends, among other things,[1] that his counsel at adjudication rendered ineffective

---

[1]This Court has considered Applicant's other claims and finds them to be without merit.

assistance, resulting in an involuntary plea of "true," because counsel advised Applicant that if he pleaded "true" to the allegations in the motion to revoke, he would receive either 120 days in Karnes County Jail, or 120 days of home confinement.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order adjudication counsel to respond to Applicant's claim of ineffective assistance of counsel. Specifically, adjudication counsel shall state whether he explained Applicant's options at adjudication to him, and whether he told Applicant that he would likely receive 120 in County Jail or 120 days of home confinement if he pleaded "true" to the allegations in the motion to revoke. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's adjudication counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: February 13, 2019
Do not publish